UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS FRITZ,
    Petitioner,

v.

LT. JANET FISCHER,
    Respondent.

Case No. 14-cv-04216-DMR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    Petitioner Thomas Fritz has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the $5.00 filing fee.

    This action has been assigned to the undersigned Magistrate Judge.

    Pursuant to 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in a case, including entry of judgment. Appeal will be directly to the United States Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. § 636(c)(3).

    On September 18, 2014, Petitioner consented to magistrate judge jurisdiction in this matter. Dkt. 1 at 7.

**I.    BACKGROUND**

    According to the allegations in the petition, Petitioner is being held at the Elmwood Correctional Complex in Milpitas, California. Dkt. 1 at 2. He indicates that he pleaded "not guilty" to multiple charges, including violations of the following sections from the California Penal Code: § 269 (Aggravated Sexual Assault of a Child); § 288(b)(1) (Lewd or Lascivious Acts on a Child By Use of Force); §288.2(b) (Harmful Matter Sent With Intent of Seduction of Minor); and §311.11(a) (Possession or Control of Matter Depicting Minor Engaging or Simulating Sexual Conduct). *Id.* Nothing in the petition indicates that he has been convicted and sentenced based on the aforementioned charges.

Under the section in the petition labeled, "GROUNDS FOR RELIEF," Petitioner's claims are difficult to decipher. It seems that from November 2012 through April 2013, Petitioner was held at an unnamed federal detention center "waiting for [California] to pick up charges," which this Court construes to mean that he was waiting for paperwork to be filed under the Extradition Act to bring him back to California to be prosecuted for the aforementioned charges. *Id.* at 5. This Court assumes that Petitioner was eventually extradited on an unknown date, but it is unclear whether the required paperwork was finally filed or whether Petitioner requested to be extradited.

As part of "Claim One," *id.*, Petitioner claims a violation of California Penal Code § 1389 or the "Interstate Agreement On Detainers," which states that extradition may be requested by a prisoner whenever during his confinement in one state "there is pending in any other party state an untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner." Interstate Agreement On Detainers, Article III(a) (foll. Cal. Penal Code § 1389). Meanwhile, as part of "Claim Two," Petitioner alleges a violation of California Penal Code § 1381.5, which contains the State's statutory scheme to ensure speedy trials. Dkt. 1 at 5. Finally, as part of "Claim Three," Petitioner alleges a due process violation based on "excessive bail." *Id.*

In the section of the petition relating to whether Petitioner has "any petition, appeal or other post-conviction proceeding now pending in any court," he responds by marking the box labeled, "YES." *Id.* at 4. Petitioner then states that he currently has an unspecified petition pending before the "Santa Clara County Superior Court." *Id.*

**II.     DISCUSSION**

Prisoners in state custody who wish to challenge in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b),(c)); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The exhaustion requirement is not satisfied if there is a challenge to the fact or length of confinement pending in state court. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983).

1    Here, because Petitioner states that he has a petition still pending before the state superior
2    court, his present petition appears to be unexhausted for purposes of federal habeas corpus review.
3    Moreover, it is unclear to this Court whether Petitioner is seeking relief based on the
4    aforementioned (albeit unclear) grounds, or is also seeking federal habeas corpus relief based on
5    other grounds for relief raised in his petition currently pending before the state superior court.
6    There is also nothing in the petition that indicates whether Petitioner intends to pursue these same
7    grounds for relief to the highest state court—the California Supreme Court.  In addition, Petitioner
8    is cautioned to keep in mind that a violation of state law or procedure, such as the aforementioned
9    violation of California Penal Code § 1381.5 under "Claim Two," does not give rise to a cognizable
10   claim in federal habeas proceedings.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal
11   habeas corpus is not available for attacks on violations of state law or procedure).  A person in
12   custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only
13   on the ground of a *violation of the Constitution or laws or treaties of the United States*.  28 U.S.C.
14   § 2254(a) (emphasis added).

15   Accordingly, the petition is DISMISSED with leave to amend for Petitioner to file an
16   amended petition which clarifies the nature and exhaustion status of all claims which he seeks to
17   raise in his federal petition.  If Petitioner seeks to add newly exhausted claims to his petition, he
18   shall include those in the amended petition as well.  Petitioner shall use the form provided with
19   this Order to file his amended petition, as directed below.

20   **III.    CONCLUSION**

21   For the foregoing reasons the Court orders as follows:

22   1.    The petition is DISMISSED with leave to amend.  Petitioner may file an amended
23   petition, as set forth above, within **twenty-eight (28) days** of the date of this Order.  **The failure**
24   **to do so will result in the dismissal of this petition without prejudice and without further**
25   **leave to amend.**

26   2.    Petitioner must use the enclosed habeas corpus form, completed in full, including
27   the state post-conviction relief he has sought.  He must clearly state his *federal grounds for relief*
28   and whether he is challenging his criminal conviction and sentence or the execution of his

sentence, or, if applicable, whether he is claiming a violation of his *federal constitutional right* to speedy trial. The amended pleading must be simple and concise. Finally, he must write the correct caption and case number for this action -- Case No. C 14-4216 DMR (PR) -- on the form, and clearly label it "Amended Petition."

3. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss a *pro se* action without prejudice when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

4. The Clerk of the Court shall send Petitioner a blank federal habeas petition form along with his copy of this Order.

IT IS SO ORDERED.

Dated: November 12, 2014

_____
DONNA M. RYU
United States Magistrate Judge

P:\PRO-SE\DMR\HC.14\Fritz4216.DWLA.docx