United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THOMAS LEE FRITZ,

          Petitioner,

    v.

LT. JANET FISCHER,

          Respondent.
_____/

No. C 14-04216 DMR (PR)

**<u>ORDER OF DISMISSAL WITHOUT
PREJUDICE</u>**

      Petitioner Thomas Fritz filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      On November 12, 2014, the Court issued an Order of Dismissal With Leave To Amend. Dkt. 5. Specifically, the Court granted Petitioner twenty-eight days from the date of the Order to file an amended petition which clarifies the nature and exhaustion status of all claims which he seeks to raise in his federal petition. Petitioner was warned that the failure to timely file an amended petition would result in the dismissal of this action without prejudice. The time for Petitioner to file his amended petition has passed, and no amended petition has been filed. Accordingly, this action is DISMISSED without prejudice.

      In addition, on November 11, 2014,[1] prior to the issuance of the Court's November 12, 2014 Order of Dismissal With Leave To Amend, Petitioner filed a document entitled, "Motion for Summary Judgment." Dkt. 6. In this document, Petitioner requests for this Court "to dismiss the

---

[1] The record shows that Petitioner's motion was mailed on November 10, 2014. Dkt. 6-1.

warrants, Information, Complaints with prejudice, and order the Defendant to release the [Petitioner] at once." December 16, 2014. Dkt. 6 at 5. This motion is construed as a request that the Court order his immediate release on his own recognizance, pending the outcome of this federal habeas action. However, it remains undecided in the Ninth Circuit whether a prisoner may be released on bail during the pendency of his district court habeas action. *See In re Roe*, 257 F.3d 1077, 1080 (9th Cir. 2001). In *Land v. Deeds*, the Ninth Circuit noted that the district court may have the authority to release a state prisoner on bail pending resolution of a habeas proceeding, but only in extraordinary cases involving special circumstances or a high probability of success. 878 F.2d 318, 318-19 (9th Cir. 1989) (per curiam). Here, Petitioner has not shown either special circumstances or a high probability of success, especially considering his failure to file a timely amended petition. Accordingly, the Court DENIES Petitioner's request for release. Dkt. 6.

<u>**CONCLUSION**</u>

For the reasons stated above, the petition in the above-captioned action is DISMISSED without prejudice. Petitioner's "Motion for Summary Judgment," which has been construed as a request that the Court order his immediate release on his own recognizance, is DENIED. Dkt. 6.

The Clerk of the Court shall enter judgment, terminate all pending motions (dkt. 6), and close the file.

IT IS SO ORDERED.

Dated: December 17, 2014

_____
DONNA M. RYU
United States Magistrate Judge